IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE HENRY WHALEY, JR., <br> Plaintiff <br><br> v. <br><br> COMMONWEALTH OF <br> PENNSYLVANIA, et al., <br> Defendants | No. 4:24cv1867 <br><br> (Judge Munley) <br><br> (Chief Magistrate Judge Bloom) |

## MEMORANDUM

Before the court for disposition is the report and recommendation ("R&R") of Chief Magistrate Judge Daryl F. Bloom, which recommends that Plaintiff George Henry Whaley, Jr.'s complaint be dismissed with prejudice. Plaintiff filed an "Answer to Report & Recommendation" which the court construes as objections to the R&R. For the reasons that follow, the objections will be overturned, and the case will be dismissed.

## Background

As noted in the R&R, the only factual allegations that can be discerned from the complaint are that a Pennsylvania State Police trooper stopped plaintiff and cited him for traffic violations. (Doc. 1, Compl. ¶ 9). The public state court docket indicates that plaintiff was arrested on September 12, 2024 and charged with several vehicle code violations, including, obstruction, alteration or

destruction of a vehicle identification number, driving with a suspended license, and other summary offenses. See Commonwealth v. George Henry Whaley Jr., MJ-29301-CR-0000160-2024 (Court of Common Pleas, Lycoming County Pennsylvania)

Plaintiff seeks to have the charges against him dropped and to be awarded compensatory damages. (Doc. 1, Compl. ¶ 1). Specifically, plaintiff asserts: "All charges against me, george h whaley jr must be dismissed. The citations issued to me/charges issued to GEORGE HENRY WHALEY JR, George Henry Whaley Jr which include operating with a suspended license, obstruction of justice, no registration/all charges, are based on unlawful application of commercial statutes that do not apply to my **private travel** and **private property**." (Doc. 1, Compl. pg. 7) (emphasis and unconventional capitalization in original). Further, plaintiff asserts: "All citations/charges based on U.S. Code or Revised State Statutes must be dismissed."[1] Id. (emphasis in the original).

Plaintiff filed the instant complaint on October 29, 2024 along with a motion for leave to proceed *in forma pauperis*. (Doc. 2). The R&R recommends that the motion for leave to proceed *in forma pauperis* be granted solely for the purposes of screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that the

---

[1] Plaintiff does not cite to any charges which have been brought against him pursuant to the U.S. Code.

complaint be dismissed. Plaintiff then filed objections which brings the case to its present posture.

**Jurisdiction**

Because the complaint ostensibly raises causes of action based upon federal law, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Here the R&R discusses the screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which provides for the dismissal of complaints which are frivolous or malicious, or fail to state a claim upon which relief may be

granted. Id. With respect to failure to state a claim, the standard is the same as that for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer

4

v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Where the well-pleaded facts do no permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.' " Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Additionally, plaintiff has filed his complaint *pro* se. *Pro se* complaints are to construed liberally "so 'as to do substantial justice.' " Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (quoting FED. R. CIV. P. 8(f)).

**Discussion**

As noted in the R&R, the plaintiff's complaint makes no allegations against the defendant from which the court can infer that his civil rights were violated. Instead, the complaint contains several random excerpts of statues that do not reveal what plaintiff's claims against the defendants might be. The complaint violates Rule 8 and fails to state a cause of action, thus it will be dismissed. Plaintiff's objections make no discernable argument to the contrary, and they will be overruled.

To the extent that plaintiff seeks to have this court interfere with his ongoing criminal prosecution in state court, the court will decline to do so. Generally, federal courts must adjudicate all cases and controversies that are properly

6

before them. New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 358 (1989). Abstention, however, is a "judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). In Younger v. Harris, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." Yang v. Tsui, 416 F.3d 199, 202 (3d Cir. 2005) (discussing Younger v. Harris, 401 U.S. 37 (1971)). The Younger Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings." Younger, 401 U.S. at 43. Accordingly, the court will abstain from interfering with the defendant's state prosecution pursuant to the Younger abstention doctrine.

The R&R further notes that *pro se* plaintiffs should generally be permitted to amend their complaints if they are subject to dismissal. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, such amendment is not required where amendment would be inequitable or futile. Id. Here, amendment would be futile

7

because the complaint is materially flawed and abstention is warranted. Thus, leave to amend will not be granted.[2]

**Conclusion**

For the foregoing reasons, the plaintiff's motion to proceed *in forma pauperis* will be granted solely for the purposes of filing the instant complaint. Plaintiff's complaint will be dismissed with prejudice, and his objections will be overruled. An appropriate order follows.

Date: 5/30/25

JUDGE JULIA K. MUNLEY
United States District Court

---

[2] Plaintiff has also filed a document which he labelled as an exhibit to his case. (Doc. 4). The Clerk of Court docketed this document as a "Motion to Intervene with an Injunction/Notice of Estoppel and Stipulation." To the extent that this document is indeed a motion, it will be denied as moot as the case will be dismissed.

8